**SIGNED THIS: April 18, 2011**

_____
GERALD D. FINES
UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

IN RE:                                          )
                                                )
ROBIN BYE and                                   ) Bankruptcy Case No. 11-90680
JANET BYE,                                      )
                                                )
                    Debtor.                     )

OPINION

This matter having come before the Court on a Motion to Set Aside Order Dismissing Case and Motion to Reopen filed by the Debtors; the Court, having reviewed the record of Debtor's bankruptcy proceeding and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Findings of Fact

The material facts in this matter are not in dispute and are, in pertinent part, as follows:

1.      The Debtors filed for relief under Chapter 7 of the Bankruptcy Code on April 8, 2011.

  2.  The Debtors' Chapter 7 petition was dismissed on April 8, 2011, based upon gross omissions on the voluntary petition form, in that the voluntary petition which was filed was blank.

  3.  The instant Motion to Set Aside Order Dismissing Case and Motion to Reopen was filed on April 15, 2011, requesting that the Court reopen the Debtors' bankruptcy petition pursuant to 11 U.S.C. § 350(b), citing a computer/technical error causing the voluntary petition of the Debtors to be filed in blank.

Conclusions of Law

The issue raised by the Debtors in their Motion to Set Aside Order Dismissing Case and Motion to Reopen was addressed by Judge Perkins in the case of In Re Ryan, Case No. 10-83346, Central District of Illinois, Peoria Division, in an Opinion and Order entered on November 4, 2010. In Ryan, Judge Perkins stated:

> Regardless of how it happened or who or what is to blame, the failure to file a petition is not an error that is correctable in the context of the pending case docket. The attempted new case filing is a nullity that is void *ab initio*. Dismissal was proper and reinstatement is not an available option. Since no case was commenced, there is no case to reinstate.

As Judge Perkins found in Ryan, the only option for the Debtors in this instance is to commence a new case correctly by filing a completed petition.

###